**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

---

| | |
|---|---|
| Shane Michael Johnston, an individual | |
| Plaintiff | Civil Action No: |
| v. | JURY TRIAL DEMANDED |
| Guardian Sports, LLC, a Georgia Limited Liability Company | |
| Defendant | |

---

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Shane Michael Johnston (hereafter "Plaintiff"), for his Complaint against Defendant Guardian Sports, LLC (hereafter "Defendant"), alleges as set forth herein.

### Jurisdiction and Venue

1.     This action arises under the United States patent laws (Title 35 of the United States Code).

2.     This Court has original jurisdiction over all causes of action herein pursuant to 28 U.S.C. §§ 1331 and 1338.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) because Defendant resides in this district.

Page 1

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement in this district and has a regular and established place of business in this district.

## Parties

5.      Plaintiff is an individual residing in the Central District of California.

6.      Defendant is a Georgia Limited Liability Company with a regular and established place of business in this district located at 881 Piedmont Avenue, Atlanta, Georgia 30309.

7.      Defendant was formerly known as Guardian Innovations, LLC.

## General Allegations Applicable to All Causes of Action

8.      Upon information and belief, Defendant owns and controls the website at www.guardiansports.com.

9.      Attached hereto as Exhibit 6 is a set of annotated photos of two of Defendant's products sold under the brand name "LOOP." Pages 1-4 of Exhibit 6 are annotated photos showing one version of the LOOP product advertised as the Guardian Xenith LOOP. Page 5 of Exhibit 6 is an annotated photo showing a second version of the LOOP, the original (unannotated) photo having been downloaded from the website www.guardiansports.com.

10.      Attached hereto as Exhibit 7 is a claim chart with reference numbers corresponding to the callouts depicted in Exhibit 6.

Page 2

**First Cause of Action**
**Patent Infringement of U.S. Patent No. 10,080,394**

11.     On September 25, 2018, United States Patent No. 10,080,394 (hereafter "the '394 Patent") was issued to Plaintiff.

12.     Attached hereto as Exhibit 1 is a copy of the '394 Patent.

13.     The '394 Patent is presumed valid pursuant to 35 U.S.C. § 282.

14.     Plaintiff is and has always been the owner of the full and exclusive rights, title, and interest in and to the '394 Patent.

15.     The '394 Patent is titled "HEADBAND WITH PROTECTIVE INSERT" and describes a headband with protective inserts on the outside surface.

16.     In violation of 35 U.S.C. § 271(a), Defendant has, without authority from Plaintiff, made, used, offered to sell, and/or sold in the United States, and/or imported into the United States, products, including those shown in Exhibits 6-7, ("Accused Products") that include each limitation of at least Claims 1, 10, and 13 of the '394 Patent ("Asserted '394 Claims").

17.     The manufacture, use, sale, offer to sell, and/or importation of Accused Products by Defendant infringe at least the Asserted '394 Claims, because each limitation of each of the Asserted '394 Claims is present in the Accused Products as seen in Exhibits 6-7.

18.     Defendant has sold Accused Products co-branded with third-party Xenith, LLC ("Xenith") as the Guardian Xenith LOOP.

Page 3

19.     Xenith applied for a United States design patent on January 7, 2020, for an invention titled "Protective Headgear" and the application was assigned Serial Number 29/719,760 ("the '760 Application").

20.     During prosecution of the '760 Application, Xenith filed an Information Disclosure Statement ("IDS") citing the '394 Patent.

21.     During prosecution of the '760 Application, the examining attorney cited an online reference dated November 8, 2019, titled "Xenith Loop The Best Performing Non-tackle Headgear" (hereafter "Xenith LOOP Internet Content I").

22.     During prosecution of the '760 Application, the examining attorney cited an online reference, undated, titled "Xenith Loop Flag Football and 7 on 7 Headgear" (hereafter "Xenith LOOP Internet Content II").

23.     The '760 Application issued as United States Patent No. D956,359 ("the '359 Patent") on June 28, 2022.

24.     Under the "U.S. PATENT DOCUMENTS" heading of the "References Cited" section of the '359 Patent, the '394 Patent is listed.

25.     Under the "OTHER PUBLICATIONS" heading of the "References Cited" section of the '359 Patent, Xenith LOOP Internet Content I is listed.

26.     Under the "OTHER PUBLICATIONS" heading of the "References Cited" section of the '359 Patent, Xenith LOOP Internet Content II is listed.

27. Defendant has been aware of and had knowledge of the '394 Patent since at least August 15, 2024, including Plaintiff's allegations of infringement, yet Defendant has continued to infringe the '394 Patent.

28. Based on at least the allegations set forth herein, Defendant's infringement of the '394 Patent is and has been intentional, deliberate, egregious, malicious, and willful.

29. Plaintiff has been and continues to be damaged by the acts of infringement of the '394 Patent by Defendant as alleged herein, in an amount to be proven at trial.

**Second Cause of Action**
**Patent Infringement of U.S. Patent No. 10,681,946**

30. On June 16, 2020, United States Patent No. 10,681,946 (hereafter "the '946 Patent") was issued to Plaintiff.

31. Attached hereto as Exhibit 2 is a copy of the '946 Patent, including a Certificate of Correction for the '946 Patent that was issued December 21, 2024.

32. The '946 Patent is presumed valid pursuant to 35 U.S.C. § 282.

33. Plaintiff is and has always been the owner of the full and exclusive rights, title, and interest in and to the '946 Patent.

34. The '946 Patent is titled "HEADBAND WITH PROTECTIVE INSERT" and describes a headband with protective inserts on the outside surface.

Page 5

35.    In violation of 35 U.S.C. § 271(a), Defendant has, without authority from Plaintiff, made, used, offered to sell, and/or sold in the United States, and/or imported into the United States, Accused Products that include each limitation of at least Claims 1 and 13 of the '946 Patent ("Asserted '946 Claims").

36.    The manufacture, use, sale, offer to sell, and/or importation of Accused Products by Defendant infringe at least the Asserted '946 Claims, because each limitation of each of the Asserted '946 Claims is present in the Accused Products as seen in Exhibits 6-7.

37.    Paragraphs 18-26 are realleged and incorporated herein by reference.

38.    During prosecution of the '760 Application, Xenith cited United States Patent Publication No. 2019/0014839 ("the '839 Publication"), which is the publication of the patent application that matured into the '946 Patent.

39.    Under the "U.S. PATENT DOCUMENTS" heading of the "References Cited" section of the '359 Patent, the '839 Publication is listed.

40.    Defendant has been aware of and had knowledge of the '946 Patent since at least August 15, 2024, including Plaintiff's allegations of infringement, yet Defendant has continued to infringe the '946 Patent.

41.    Based on at least the allegations set forth herein, Defendant's infringement of the '946 Patent is and has been intentional, deliberate, egregious, malicious, and willful.

42.     Plaintiff has been and continues to be damaged by the acts of infringement of the '946 Patent by Defendant as alleged herein, in an amount to be proven at trial.

**Third Cause of Action**
**Patent Infringement of U.S. Patent No. 11,627,771**

43.     On April 18, 2023, United States Patent No. 11,627,771 (hereafter "the '771 Patent") was issued to Plaintiff.

44.     Attached hereto as Exhibit 3 is a copy of the '771 Patent.

45.     The '771 Patent is presumed valid pursuant to 35 U.S.C. § 282.

46.     Plaintiff is and has always been the owner of the full and exclusive rights, title, and interest in and to the '771 Patent.

47.     The '771 Patent is titled "HEADBAND WITH PROTECTIVE INSERT" and describes a headband with protective inserts on the outside surface.

48.     In violation of 35 U.S.C. § 271(a), Defendant has, without authority from Plaintiff, made, used, offered to sell, and/or sold in the United States, and/or imported into the United States, Accused Products that include each limitation of at least Claims 1, 9, 11, and 19 of the '771 Patent ("Asserted '771 Claims").

49.     The manufacture, use, sale, offer to sell, and/or importation of Accused Products by Defendant infringe at least the Asserted '771 Claims, because each limitation of each of the Asserted '771 Claims is present in the Accused Products as seen in Exhibits 6-7.

50.     Paragraphs 18-26 are realleged and incorporated herein by reference.

51.     Defendant has been aware of and had knowledge of the '771 Patent since at least August 15, 2024, including Plaintiff's allegations of infringement, yet Defendant has continued to infringe the '771 Patent.

52.     Based on at least the allegations set forth herein, Defendant's infringement of the '771 Patent is and has been intentional, deliberate, egregious, malicious, and willful.

53.     Plaintiff has been and continues to be damaged by the acts of infringement of the '771 Patent by Defendant as alleged herein, in an amount to be proven at trial.

**Fourth Cause of Action**
**Patent Infringement of U.S. Patent No. 12,016,408**

54.     On June 25, 2024, United States Patent No. 12,016,408 (hereafter "the '408 Patent") was issued to Plaintiff.

55.     Attached hereto as Exhibit 4 is a copy of the '408 Patent, including a Certificate of Correction for the '408 Patent that was issued December 21, 2024.

56.     The '408 Patent is presumed valid pursuant to 35 U.S.C. § 282.

57.     Plaintiff is and has always been the owner of the full and exclusive rights, title, and interest in and to the '408 Patent.

58.     The '408 Patent is titled "HEADBAND WITH PROTECTIVE INSERT" and describes a headband with protective inserts on the outside surface.

59.    In violation of 35 U.S.C. § 271(a), Defendant has, without authority from Plaintiff, made, used, offered to sell, and/or sold in the United States, and/or imported into the United States, Accused Products that include each limitation of at least Claims 1, 2, 9, 10, 19, and 20 of the '408 Patent ("Asserted '408 Claims").

60.    The manufacture, use, sale, offer to sell, and/or importation of Accused Products by Defendant infringe at least the Asserted '408 Claims, because each limitation of each of the Asserted '408 Claims is present in the Accused Products as seen in Exhibits 6-7.

61.    Paragraphs 18-26 are realleged and incorporated herein by reference.

62.    Defendant has been aware of and had knowledge of the '408 Patent since at least August 15, 2024, including Plaintiff's allegations of infringement, yet Defendant has continued to infringe the '408 Patent.

63.    Based on at least the allegations set forth herein, Defendant's infringement of the '408 Patent is and has been intentional, deliberate, egregious, malicious, and willful.

64.    Plaintiff has been and continues to be damaged by the acts of infringement of the '408 Patent by Defendant as alleged herein, in an amount to be proven at trial.

**Fifth Cause of Action**
**Patent Infringement of U.S. Patent No. 12,550,958**

65.    On February 17, 2026, United States Patent No. 12,550,958 (hereafter "the '958 Patent") was issued to Plaintiff.

66.    Attached hereto as Exhibit 5 is a copy of the '958 Patent.

67.    The '958 Patent is presumed valid pursuant to 35 U.S.C. § 282.

68.    Plaintiff is and has always been the owner of the full and exclusive rights, title, and interest in and to the '958 Patent.

69.    The '958 Patent is titled "HEADBAND WITH PROTECTIVE INSERT" and describes a headband with protective inserts on the outside surface.

70.    In violation of 35 U.S.C. § 271(a), Defendant has, without authority from Plaintiff, made, used, offered to sell, and/or sold in the United States, and/or imported into the United States, Accused Products that include each limitation of at least Claims 1-3, 5-8, and 10-18 of the '958 Patent ("Asserted '958 Claims").

71.    The manufacture, use, sale, offer to sell, and/or importation of Accused Products by Defendant infringe at least the Asserted '958 Claims, because each limitation of each of the Asserted '958 Claims is present in the Accused Products as seen in Exhibits 6-7.

72.    Paragraphs 18-26 are realleged and incorporated herein by reference.

73.    Upon information and belief, Defendant has been aware of and had knowledge of the '958 Patent since February 17, 2026, including Plaintiff's

allegations of infringement, yet Defendant has continued to infringe the '958 Patent.

74. Based on at least the allegations set forth herein, Defendant's infringement of the '958 Patent is and has been intentional, deliberate, egregious, malicious, and willful.

75. Plaintiff has been and continues to be damaged by the acts of infringement of the '958 Patent by Defendant as alleged herein, in an amount to be proven at trial.

**********

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A. A judgment that Defendant has infringed one or more claims of each of the '394 Patent, '946 Patent, '771 Patent, '408 Patent, and '958 Patent.

B. A permanent injunction enjoining Defendant, its officers, agents, employees, attorneys, and all persons acting in concert with them, from further infringement of the '394 Patent, '946 Patent, '771 Patent, '408 Patent, and/or '958 Patent.

C. A finding that Defendant's infringement was willful.

D. Pursuant to 35 U.S.C. § 284, Plaintiff be awarded damages, interest, and costs, including treble damages.

E. Pursuant to 35 U.S.C. § 285, the case be declared exceptional, and

Plaintiff be awarded reasonable attorney fees.

F.      Plaintiff be awarded pre-judgment and post-judgment interest

according to law.

G.      Plaintiff be awarded such other relief as this Court deems appropriate.

**********

[signatures on next page]

Submitted this 22nd day of April, 2026.

_____

/s/ Armon Shahdadi
Armon Shahdadi (GBN 940688)
**Pierson Ferdinand LLP**
260 Peachtree Street NW, Suite 2200
Atlanta, Georgia 30303
Tel: 470.657.9784
Email: armon.shahdadi@pierferd.com

Neal M. Cohen (PHV forthcoming)
**Vista IP Law Group LLP**
100 Spectrum Center Drive, Suite 900
Irvine, CA 92618
Tel: 760.803.8271 (cell)
Fax: 949.625.8955
Email: nmc@viplawgroup.com

Counsel for Plaintiff,
        Shane Michael Johnston

**JURY DEMAND**

Pursuant to F.R.Civ.P. Rule 38(b), Plaintiff demands a jury trial on all issues triable to a jury.

\*\*\*\*\*\*\*\*\*\*

Submitted this 22nd day of April, 2026.

_____

/s/ Armon Shahdadi
Armon Shahdadi (GBN 940688)
**Pierson Ferdinand LLP**
260 Peachtree Street NW, Suite 2200
Atlanta, Georgia 30303
Tel: 470.657.9784
Email: armon.shahdadi@pierferd.com

Neal M. Cohen (PHV forthcoming)
**Vista IP Law Group LLP**
100 Spectrum Center Drive, Suite 900
Irvine, CA 92618
Tel: 760.803.8271 (cell)
Fax: 949.625.8955
Email: nmc@viplawgroup.com

Counsel for Plaintiff,
Shane Michael Johnston